# SUPPLEMENT TO THE SARATOGA SENTINEL.

PUBLISHED BY WILBUR & COREY, AT $1.00 PER ANNUM.

Vol. II.]                 March 15, 1842.                 [No. 2.

## COURT OF CHANCERY.

### DECISIONS OF THE CHANCELLOR,
MARCH 15, 1842.

*John C. Halsey and others, ex'rs, &c., of J. M. Halsey, deceased,* v. *Philip Reed and others.* A. G. HAMMOND, for appellant; W. C. NOYES, for respondent. Decided that as between the heir or devisee and the personal representatives of a decedent, premises charged with a mortgage are the primary fund for the payment of the mortgage debt; and that the heir or devisee must satisfy or discharge the mortgage out of his own property, without resorting to the executor or administrator; unless there is an express direction in the will of the testator that such mortgage shall be otherwise paid.

*Mortgage debts out of what fund to be paid.*

That the rule is the same, although the testator is not himself the mortgagor; provided he has assumed the payment of the mortgage, on purchasing the mortgaged premises of the mortgagors, and they have descended to his heirs charged with the payment of the mortgage debt.

That a decree cannot be rendered against the personal representatives, in such case, for the mortgage debt, until the mortgagee has exhausted his remedy against the mortgaged premises by a foreclosure and sale thereof.

That in cases where the real estate in the hands of the heir or devisee is primarily liable for the debt, as between the owners thereof and the personal representatives of the decedent, the personal estate is liable to the creditor in case the primary fund proves insufficient to pay it.

2

Decree of the surrogate reversed, and proceedings dismissed, but without prejudice, and without costs to either party as against the other.